AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

### for the
### Western District of New York

**AUG 13 2024**

MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

**United States of America**

v.

**RAEKWON GORDON**

_Defendant_

Case No. 24-MJ-5143

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about April 5, 2024, in the Western District of New York and elsewhere, the defendant, **RAEKWON GORDON**, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 84l(a)(l) and 841(b)(1)(C).

On or about April 5, 2024, in the Western District of New York and elsewhere, the defendant, **RAEKWON GORDON**, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), committed in the manner set forth in the preceding paragraph, the allegations of which are incorporated herein by reference, did knowingly and unlawfully possess a firearm in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

On or about April 5, 2024, in the Western District of New York, and elsewhere, the defendant, **RAEKWON GORDON**, knowing that he had previously been convicted on or about May 2, 2022, and on or about November 29, 2018, in County Court, Erie County, New York, of crimes each punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, namely, one (1) Glock, model 17, 9x19mm, semi-automatic handgun, bearing serial number GKS157, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

**THOMAS WEIS**
Digitally signed by THOMAS WEIS
Date: 2024.08.12 16:46:11 -04'00'

_Complainant's signature_

THOMAS WEIS
Special Agent
Federal Bureau of Investigations
_Printed name and title_

Sworn to and signed telephonically.
Date: August 13, 2024

_Judge's signature_

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
_Printed name and title_

City and State:  Buffalo, New York

**AFFIDAVIT**

STATE OF NEW YORK    )
COUNTY OF ERIE       )    SS:
CITY OF BUFFALO      )

## I.    INTRODUCTION

I, **Thomas V. Weis**, Special Agent of the Federal Bureau of Investigation, United States Department of Justice, having been duly sworn, states as follows:

1.    I am a Special Agent of the Federal Bureau of Investigation ("FBI") of the United States Department of Justice.  As such, I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

2.    I have served as an FBI Special Agent since March of 2017. During that time, I have participated in investigations involving drug trafficking and organized crime matters to also include firearms. In addition, I have had the opportunity to work with several other FBI agents and other law enforcement agents and officers of varying experience levels, who have also investigated firearm and drug trafficking networks, with regard to the manner in which firearms are sold, controlled substances are obtained, diluted, packaged, distributed, sold and used within the framework of firearm and drug trafficking in the Western District of New York. As a result of my experience, I am familiar with how firearms and controlled substances are obtained, diluted, packaged, distributed, sold, and used in the framework of firearm and drug trafficking in the Western District of New York and how firearm and drug

traffickers utilize wire communications to facilitate their illegal activities. My investigative experience detailed herein, and the experiences of other law enforcement agents, who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein.

3.      This affidavit is being submitted or a limited purpose, that is, a probable cause determination, therefore I have not presented all the facts of this investigation to date. I have set forth only the information I believe to be necessary to establish probable cause. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause and does not set forth all of my knowledge about this manner.

4.      I make this affidavit in support of a criminal complaint charging **RAEKWON GORDON a/k/a RAE** with violating Title 21, United States Code, Sections 841(a)(l) and 841(b)(1)(C) (intent to distribute a mixture and substance containing fentanyl, a Schedule II controlled substance), and Title 18, U.S.C. Sections 922(g) (felon in possession of a firearm), and 924(c)(1)(A)(i) (possession of a firearm in furtherance of drug trafficking).

## II.    PROBABLE CAUSE

5.      On April 5, 2024, while on routine patrol, Buffalo Police Department (BPD) officers observed a white 2018 Dodge Durango bearing New York registration LDV4799 travelling at a high rate of speed on Bailey Avenue in the city of Buffalo, NY. Officers attempted to conduct a traffic stop of the vehicle, however the 2018 Dodge Durango did not

2

comply and fled from the area of Bailey Avenue. Throughout the pursuit, the Dodge Durango was driven in a reckless manner, passing vehicles and ignoring traffic lights, all while driving at a high rate of speed. BPD officers managed to follow the vehicle until it parked in the driveway of 53 Roslyn Street. **RAEKWON GORDON** as well as KAPONE YOUNG, and KEIVON WILLIAMS were encountered by the officers as these individuals exited the target vehicle. All three individuals exited from the front driver's side door. The three men were detained and taken into custody without further incident. BPD officers discovered a loaded Glock 48 bearing serial number BRTX206 in the front yard of 51 Roslyn Street, the house located directly next door to 53 Roslyn, south of the residence. Upon further investigation, it was determined that this firearm was likely thrown from the front passenger side of the Dodge Durango, since the car window was opened. It is noted that at the time of the incident, the weather conditions were rain/sleet, and no other windows of the vehicle were open. A second firearm, a loaded Glock 17, with a fully automatic switch and extended magazine, was recovered by officers on the sidewalk in front of 21 Roslyn Street. 21 Roslyn Street was on the direct path of travel that the Dodge Durango took on its way to parking in the driveway at 53 Roslyn Street. The Glock 17 has a defaced serial number on the frame of the gun, with only a partial "G" and "157" visible; however, serial number "GKS157" is visible on the slide and barrell of the gun.

6.      During the inventory search of the 2018 Dodge Durango, officers recovered 336 blue pills bearing the markings "M" in a rectangle on one side, and "30" on opposite side, in a plastic bag, located in the center console of the vehicle. Pharmaceutical information indicated that these pills should contain oxycodone, a controlled substance, however, on April 9, 2024, the Erie County Central Police Services (CPS) laboratory tested one of the pills,

in which it was discovered to contain fentanyl. During the search incident to arrest of **GORDON**, law enforcement recovered $5,526 dollars of U.S. currency. The other two individuals in the vehicle did not have large sums of U.S. currency located on their person. Based on my training, my experience, and my discussions with other experienced law enforcement personnel, I have learned that narcotics traffickers frequently carry large sums of U.S. currency, as these are proceeds from selling drugs, in this particular case, fentanyl disguised as oxycodone pills..

7.     During a post-*Miranda* interview, **GORDON** informed BPD detectives that **GORDON** was in the front passenger seat of the 2018 Dodge Durango during the vehicle pursuit. Further, **GORDON** told detectives that **GORDON** didn't possess any of the firearms recovered and didn't know that there were illegal narcotics inside of the center console of the vehicle.

8.     On April 9, 2024, the Erie County CPS laboratory conducted testing on both recovered firearms. It was determined and confirmed by the lab that the defaced Glock 17 did have an operable switch on the side of the firearm, that allows the gun to fire in a fully automatic setting. A Glock "switch" is also known as a Glock gun conversion device (meaning any part or combination or parts utilized to cause a firearm to fire more than one round with a single pull of the trigger). ATF considers Glock conversion devices as post-May 19, 1986, machineguns. Therefore, apart from official military and law enforcement use, Glock conversion devices may only be lawfully possessed by properly licensed Federal Firearms Licensees (FFLs) who have paid the appropriate Special Occupational Tax (SOT) required of individuals manufacturing, importing, or dealing in National Firearms Act (NFA)

4

weapons.

9.      On June 14, 2024, Erie County CPS laboratory produced a DNA report of the plastic baggies that contained the 336 blue fentanyl pills as well as the firearms recovered during the April 5, 2024, traffic stop. The CPS lab determined that **GORDON's** DNA was present on the plastic baggies and that the other two individuals present in the vehicle were excluded as contributors to the DNA mixture recovered from the plastic baggies. The CPS lab found that the DNA results for the swab of the plastic baggies were at least 43,800 times more likely if they originated from **GORDON** and four unknown individuals rather than if they originated from five unknown individuals in the U.S. Population. The CPS Lab thus concluded that the results provided strong scientific support that **GORDON** was a contributor to the DNA profile obtained from the plastic baggies. The CPS lab determined that **GORDON'S** DNA was present on the Glock 17 firearm with the switch and extended magazine affixed. The CPS lab found that the DNA results for the swab of the Glock 17 was at least 76.3 billion times more likely to have originated from **GORDON** and an unknown individual rather than if they originated from two unknown individuals in the U.S. population. The CPS lab thus concluded that the results provided strong scientific support for the proposition that **GORDON** was a contributor to the DNA profile obtained from the firearm. The other two individuals located in the vehicle were excluded as possible contributors to the DNA. The CPS lab determined that all three individuals were excluded as possible contributors to the DNA found on the other firearm recovered.

10.     On July 18, 2024, Special Agent William Farnham of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, was provided a description of the above-mentioned

pistols. SA Farnham stated that based on the description and a physical examination, the firearms were not manufactured in New York State and would have traveled in and affected interstate commerce prior to it being possessed by **GORDON**.

11.     A review of **GORDON's** criminal history indicates that on May 2, 2022, in Erie County Court, New York, **GORDON** was convicted of Criminal Possession of a Controlled Substance in the 4th Degree, a Class C Felony level offense. Additionally, on November 29, 2018, in Erie County Court, New York, **GORDON** was convicted of Attempted Criminal Possession of a Weapon in the 2nd Degree, a Class D Felony level offense, and was sentenced to 24 months incarceration.

12.     **WHEREFORE**, based upon the foregoing, I respectfully submit that there is probable cause to believe that **RAEKWON GORDON a/k/a RAE** did knowingly, willfully, and unlawfully violate violating Title 21, United States Code, Sections 84l(a)(l) and 841(b)(1)(C) (intent to distribute a mixture and substance containing fentanyl, a Schedule II controlled substance), and Title 18 U.S.C. Sections 922(g) (felon in possession of a firearm), and 924(c)(1)(A)(i) (possession of a firearm in furtherance of drug trafficking).

THOMAS WEIS   Digitally signed by THOMAS WEIS
Date: 2024.08.12 16:46:49 -04'00'

THOMAS V. WEIS
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me
telephonically this 13th day of August,
2024.

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge

6